```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Theodore D. Roosevelt

   v.                                      Civil No. 12-cv-408-PB

KFC


**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Theodore Roosevelt's complaint (doc. no. 1), alleging that he was wrongfully terminated by KFC, a fast food restaurant, in Concord, New Hampshire.  The matter is before the court for a preliminary review to determine, among other things, whether the pleadings, filed in forma pauperis, state any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2)(B); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints filed pro se and in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if the court lacks subject matter jurisdiction, a defendant is immune from

the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

In determining whether such a complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

**Background**

This case arises from a conflict between Roosevelt and his manager "Karen" at KFC, a fast food restaurant in Concord, New Hampshire.  KFC hired Roosevelt in August 2012, and terminated him sometime prior to October 23, 2012, the date he filed this lawsuit.  Roosevelt asserts that before he was hired, he told a manager named "Steve" that he received mental health services and had anger management issues, and he told the same facts to his manager "Karen."  Roosevelt also alleges that he told Karen

that he is "homicidal," meaning that he has to go to the hospital to seek mental health treatment.

One day in September 2012, Karen told Roosevelt to clean out the fryer, then swore at him when he tried to use a damp rag to do so.  The next morning Roosevelt told his shift supervisor, "Kim," that he needed to be put on a different shift because Karen swore at him, was "toxic" to him, and made him feel unhealthy to be around her.

On a subsequent Wednesday night, Roosevelt states that Karen became angry at him after he helped Karen's son (a co-worker) do his work, and then did not finish his own job when she expected he would.  After she became upset, Roosevelt asserts, Karen "came into [his] personal space."  At that point, he alleges, he told Karen to stop it, and said he needed to go outside.  Roosevelt went outside to calm down, intending, he alleges, to return to his job.  He further alleges that Karen followed him outside, told him in an angry voice to clock out and go home, then followed him again to make sure he did so.

When Roosevelt came back to work the next afternoon to pick up his paycheck, he asked Steve if he had heard what had happened, and Steve told him that Karen said he had neglected his work and had walked out.  Steve told Roosevelt he would talk with the store manager, "Kevin," and that Roosevelt should come

3

back the next Sunday to find out if he had his job back. Roosevelt was not rehired.

The court construes Roosevelt's complaint as intending to assert two claims: (1) a state law claim that Roosevelt was wrongfully discharged; and (2) a federal claim that he was fired in violation of his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

## Discussion

I. ADA Claim

To establish a claim under the ADA, Roosevelt must show that he was an individual with a disability, who could perform his job functions with or without a reasonable accommodation, and that the employer fired him because of the disability. See Colón-Fontánez v. Municipality of San Juan, 660 F.3d 17, 32 (1st Cir. 2011). Here, the court presumes Roosevelt's mental health condition could constitute a disability. Roosevelt has alleged no facts, however, suggesting that disability discrimination was the reason for his termination following an altercation with a manager.

Furthermore, Roosevelt has failed to plead facts necessary to state an actionable claim for the denial of a reasonable accommodation for a disability. "Where a plaintiff alleges a

4

failure to accommodate, the plaintiff must show that the employer knew about plaintiff's disability and did not reasonably accommodate it." Jones v. Nationwide Life Ins. Co., 696 F.3d 78, 89 (1st Cir. 2012). Roosevelt has alleged that Steve and Karen knew about his mental health issues, but he has not alleged any facts showing that he actually requested an accommodation for those issues, or that his employer knew one was needed and did not provide it. See id. (obligation is on employee to provide sufficient information to put employer on notice of need for accommodation). "An accommodation request must be sufficiently direct and specific, and it must explain how the accommodation is linked to plaintiff's disability." Id. The facts regarding Roosevelt's request for a transfer to a different shift, for example, are not sufficient to state a claim that KFC knowingly failed to reasonably accommodate Roosevelt's mental health condition. Accordingly, Roosevelt's ADA claim should be dismissed for failure to state a claim upon which relief can be granted.

II. Jurisdictional Issues Relating to Wrongful Discharge Claim

    A. Diversity Jurisdiction

Jurisdiction in this case is presumably based on the parties' diversity of citizenship. See 28 U.S.C. § 1332 (federal courts have jurisdiction over cases between citizens of

different states where the amount in controversy exceeds $75,000). Roosevelt lives in New Hampshire, and KFC's principal place of business and place of incorporation could be shown to be out of state. See Hines v. KFC U.S. Props., Inc., 09CV2422 JM(POR), 2010 WL 596439 (S.D. Cal. Feb. 16, 2010) (KFC's principal place of business is Kentucky, and Delaware is its place of incorporation).

A "federal plaintiff carries the burden to establish that the minimum amount in controversy has been met," and the amount claimed by the plaintiff controls the question, unless challenged by the court or the defendant. Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012). The court notes that the amount in controversy in a wrongful discharge suit may include "what the plaintiff would have earned but for the termination of his employment." See Lowe v. Sears Holding Corp., 545 F. Supp. 2d 195, 196 (D.N.H. 2008).

Here, Roosevelt has not included any specific demand for damages. At the time of his discharge, Roosevelt had worked for KFC for less than 90 days. He has alleged no facts regarding what his salary was, or whether he had been offered any particular term of employment. Roosevelt has thus failed to plead facts showing that the amount in controversy exceeds

$75,000, and has not carried his burden to establish this court's diversity jurisdiction in this matter.

    B.    <u>Supplemental Jurisdiction</u>

Pursuant to 28 U.S.C. § 1367(a) and (c)(3), this court may exercise its supplemental jurisdiction over state law claims that arise out of the same case or controversy as federal claims properly before it, and may decline to exercise supplemental jurisdiction where all of the claims over which the court has original jurisdiction have been dismissed. Because Roosevelt's federal claim, the ADA claim, should be dismissed at this time, the court should decline to exercise supplemental jurisdiction over the wrongful discharge claim in this case. That dismissal should be without prejudice to Roosevelt refiling that claim in state court.

**Conclusion**

For the foregoing reasons, the court should dismiss this action, without prejudice to Roosevelt refiling a wrongful discharge claim in state court. Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Sch. Union No. 37 v.</u>

United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010); United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008).

_____
Landya McCafferty
United States Magistrate Judge

January 9, 2013

cc:  Theodore D. Roosevelt, pro se

LBM:nmd